## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER THOMAS STIEF** | ) |
| | ) |
| Plaintiff, | )  **Civil Action No.** |
| | ) |
| v. | ) |
| | ) |
| **UNITED RECOVERY SOLUTIONS, INC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Roger Thomas Stief is an adult individuals residing in Lititz, PA.

5. Defendant United Recovery Solutions, Inc. is a business entity regularly doing business in the Eastern District of Pennsylvania with its principal office located at 11603 Shelbyville Road, Suite 2, Louisville, KY 40243. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired to collect a debt originally owed to the Loser's Music, Inc. (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, the debt at issue is in reference to an instrument that was returned to Loser's Music, Inc. that did not belong to them. Therefore, Plaintiff does not owe the alleged debt to Defendant.

9. In or around August 2014, Defendant began contacting Plaintiff's parents with the intent to annoy, abuse and harass them in an attempt to collect the debt.

10. Defendant did so after Plaintiff's parents advised that the telephone number they called did not belong to Plaintiff and to discontinue further communications with them.

11. Defendant also left messages with Plaintiff's parents without disclosing Defendant's identity or that the call was in order to obtain location information.

12. In or around August 2014, Defendant also contacted Plaintiff's former employer including but not limited to by sending emails disclosing the debt.

13. In or around August 2, 2014, Defendant also sent Plaintiff a collection or dunning letter demanding immediate payment of the debt thus overshadowing Plaintiff's right to seek validation of the debt.

14. At all pertinent times hereto, the August 2, 2014 Letter was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

15. Once Plaintiff did request validation of the debt, Defendant did not provide Plaintiff with sufficient validation but continued to collect the debt nonetheless.

16. Moreover, the amount being collected on included fees for collection activities that were not agreed to in the contract relating to the alleged debt.

17. Defendant during at least one communication also threatened to make false allegations of misconduct about Plaintiff's wife to a professional organization which his wife belongs to.

18. Defendant acted in a false, deceptive, misleading and unfair manner by contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g(a) of the FDCPA by extraneous language contained in the aforementioned [letter] and failing to provide verification information of the debt when asked to do so.

19. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt.

21. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt without stating that the communication was to obtain location information.

22. Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

23. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they collected any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law.

26. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

27. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

28. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

29. At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I
## VIOLATIONS OF THE FDCPA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692(d), 1692e(2)(A), 1692e(10), 1692f, 1692f(1) and 1692g as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer in connection with collection of the debt;

    (b) Disclosing the debt to persons other than the debtor;

    (c) Communicating with persons other than the debtor on more than one occasion;

(d) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(e) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(f) Falsely representing the character, amount, or legal status of any debt;

(g) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(h) Failing to send a consumer all of the required information pursuant to section 1692g(a) of the FDCPA, contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g(a) of the FDCPA by extraneous language contained in the aforementioned [letter] and failing to provide verification information of the debt when asked to do so; and

(i) Using unfair or unconscionable means to collect or attempt to collect any debt including but not limited to collecting an amount not expressly authorized by the agreement creating the debt.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

39.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:     */s/ Mark Mailman*
MARK MAILMAN
GREGORY J. GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: April 20, 2015                           Attorneys for Plaintiff